**DE QIN LI, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

No. 04–2324–ag.

United States Court of Appeals,
Second Circuit.

March 20, 2007.

Liu Yu, New York, New York, for Petitioner.

Jeffrey A. Taylor, United States Attorney for the District of Columbia, Madelyn E. Johnson, Barbara Kittay, Assistant United States Attorneys, Washington, District of Columbia, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI, Hon. PETER W. HALL, Circuit Judges.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for Attorney General John Ashcroft.

## SUMMARY ORDER

Petitioner De Qin Li, a citizen of the People's Republic of China, seeks review of an April 9, 2004 order of the BIA affirming the September 10, 2002 decision of Immigration Judge ("IJ") Sandy K. Hom denying his applications for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). *In re De Qin Li,* No. A77 977 813 (B.I.A. Apr. 9, 2004), *aff'g* No. A77 977 813 (Immig. Ct. N.Y. City Sept. 10, 2002). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA adopts and supplements the decision of the IJ, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, a determination "based on flawed reasoning ... will not satisfy the substantial evidence standard," and the agency's use of "an inappropriately stringent standard when evaluating an applicant's testimony constitutes *legal,* not factual error." *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 400 (2d Cir.2005) (internal quotation marks omitted). The Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Id.* at 406.

We find no error in the IJ's adverse credibility determination. Li stated at his airport interview that he had come to the United States because he was a practitioner of Falun Gong, but later admitted that this was not true, and that he had come to the United States to find a job and to make money. Such admissions are dramatically inconsistent with his claims of coercive family planning, and provide substantial evidence to support the IJ's conclusion that Li failed to testify credibly. We also agree that Li's omission of any references to coercive family planning at his airport interview further undermines his credibility, where he was offered the opportunity to add any additional information to his statement, but where he failed to do so.

When discrepancies arise from an applicant's statements in an airport interview we closely examine the interview to ensure that it represents a "sufficiently accurate record" of the applicant's statements to merit consideration in determining whether the applicant is credible. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 179 (2d Cir.2004). Here, we find no error in the BIA's analysis of the airport interview's reliability. Accordingly, we find that the IJ reasonably relied on Li's admitted misrepresentations during that interview in reaching his adverse credibility determination.

Given Li's inconsistent statements, we further find that it was reasonable for the IJ to require additional corroboration to rehabilitate his testimony. *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 78 (2d Cir. 2004). Finally, we find that because Li's withholding of removal and CAT claims rested on the same factual predicate as his asylum claim, the IJ did not err in denying those applications for relief. *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request

for oral arguments in this case is DE-NIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).